FILED

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

2019 AUG 15 AM 9: 56

U.S. BANKRUPTCY COURT

In re: "Carol Ann Houser", chap. 13 petitioner

Case no. **19-12812-AMC**                    **Answer to Plan Confirmation Objection**

## ANSWER BY "CAROL ANN HOUSER" TO "BAYSIDE LOAN SERVICING" (LLC)

1. **Denied.** "Bayside Loan Servicing LLC" filed no proof of claim whatsoever, and the bar date has long since passed. (hereinafter, "movant")

2. **Denied.** Movant failed to make a proof of claim altogether, the bar date now long passed. If there was a claim, it is unknown how it relates to the debtor.

3. **Denied.** Movant has no claim at all, and we never heard of them before either. If there was a claim, it is unknown how it relates to the debtor.

4. **Denied.** Movant has no claim at all, and we never heard of them before either.If there was a claim, it is unknown how it relates to the debtor.

5. **Denied.** Movant has no claim at all, and we never heard of them before either. If there was a claim, it is unknown how it relates to the debtor.

6. **Denied.** Movant has no claim at all, and we never heard of them before either. NO less, the "Plan" allows for a 'three year float', which is the natural compensation for any claims.

Contrary to any "proof of claim", there is no evidence for "money loaned", no books and records to support an increase in the one side of the ledger and a decrease on the other side, or that "value was given" for a real and living right to payment in hard money. Additionally, the small amount of money (some "$7,000") and the presumably junior lien priority renders the nonexistent "claim" moot, and superfluous.

date: AUGUST 12, 2019

CASE # 19-12812

CAROL ANN HOUSER