FILED

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

2019 DEC -9 AM 10: 25

U.S. BANKRUPTCY COURT

In re: Carol Ann Houser
Chap. 7 petitioner

*********************************************

| | | |
|---|---|---|
| Carol Ann Houser, *movant* | ) | case no. **19-12812- mdc** |
| | ) | |
| *v.* | ) | **MOTION FOR** |
| | ) | **RECONSIDERATION** |
| Specialized Loan Servicing LLC | ) | |
| *respondent* | ) | **(AUTOMATIC STAY)** |

## MOTION BY CAROL ANN HOUSER SEEKING RECONSIDERATION

1. The Court granted a Motion in pretension of "Cascade Funding Mortgage Trust 2017-1" by "Specialized Loan Servicing LLC", lifting the automatic stay on Dec. 5th, 2019. This motion here seeks reconsideration. "Cascade Funding Mortgage Trust 2017-1" does not exist, it is an SEC filing, aka 'stock certificate issue'.

2. "Cascade Funding Mortgage Trust 2017-1" did not file a proof of claim in this case. By name alone it is a "mortgage backed security" with an SEC file #, and a stock certificate cannot be represented by another person or entity in *court*. It is not clear who is the "creditor", and there is no proof of claim.

3. What you are looking at is the "floating" negotiable bond, resulting in stock equity as a real property interest, but not a "debt" held by a "creditor". The statement that "Specialized Loan Servicing LLC" somehow holds or possesses a 'note' is simply fiction, because this is absurd and impossible.

4. If they held a *note*, why don't they just **present it for payment** at the "place of payment"; which is required under UCC 3-501? The premise that the American

homeowner write a negotiable "draft" or "note" on their house is ridiculous. The Court is deprived of jurisdiction to entertain their motion after evident failure to exercise the adequate remedy in "cashing" or depositing this "note".

5. The whole thing is a farce, there is no such thing as a "homeowners note" in a federally supplied "FHA" style conventional mortgage, or any other known residential product. It is a non-negotiable contract bond, a looseleaf sheaf of many "notes" or pages stapled together, none of which are unique or serial.

6. This fictional "note" is easily duplicated, cannot reify or merge the obligation into a 'token' instrument, and all accounts must be ascertained from outside the 'instrument', because it is not at all instrumental in representing the strength of an obligation, much less a **mortgage obligation**.

7. The very existence of a "Specialized Loan Servicing LLC" is a direct contradiction to the premise of a negotiable instrument: why is there an account servicer if the account is self-contained in the self-executing "negotiable" instrument? If the "note" is in their possession, why can't they present the note for payment or refusal, honor or dishonor? What do they do with these "notes"?

8. The only role of "Specialized Loan Servicing LLC" is to manage paper and accounts, and it has no possible right to enforce these stock assets as a "secured creditor" in bankruptcy. The assertion that anyone is simply "obligated to pay" is inapposite the language written within the "mortgage note", where the operative language is that "the Borrower shall pay to the <u>Order</u> of the Lender".

9. The nature of this obligation is not merely "debt", but paying at the "Order" of the lender, or later noteholder. The motion lifting stay failed to assert that the <u>Order</u> of the Noteholder or Lender was ever **given, refused,** or **dishonored**. See UCC 3-501 *et seq*.

CASE # 19-12812

10. It is denied that there is any "mortgage debt" or that such an instrument works to "secure" any "obligations" without a corresponding set off for the property value and other guarantees. The standard federally supplied mortgage covenant does not generically secure an obligation to pay, it secures the <u>value</u> of such an obligation, which is only to pay at the "Order" of the lender or noteholder.

11. **It is denied** that "Specialized Loan Servicing LLC" is such a noteholder, and it has failed to set forth any assignment or judicial order granting it control over the ostensible "mortgage note", or the right to enforce the fictitious "mortgage note". "Specialized Loan Servicing LLC" **has no standing to seek relief here**, it cannot have a legally enforceable interest in these accounts, all of which are now barred after failing to make a valid, justiciable proof of claim.

12. It is impossible that"Specialized Loan Servicing LLC" has any standing at all, where they forswore such interests at the formation of the related mortgage backed securitization. The whole thing is just a **champertous litigation fraud** by the underwriting law firm, and while there is still Pennsylvania state-law controlling, *champerty* remains a valid defense to any action.

13. "Specialized Loan Servicing LLC" is neither the lender, a noteholder, and assignee or grantee of any judicial award, and it did not present an "Order to Pay" or assert that such an order was ever refused or dishonored. The negotiable language in a non-negotiable mortgage covenant works to create a "floating bond" because it is only a "float" secured by a lien, not *per se* debt enforcement.

14. The only obligation "due" within the plain language of the instrument presented by "Specialized Loan Servicing LLC" is that the "Borrower shall pay to the Order of the Lender". Where is the Order? These randomly placed "endorsement" stamps are not even on a dorsal side! They are neither marked payable to any restricted party, nor "refused", "cancelled", "dishonored" etc.

CASE # 19-12812

15. The respondent failed to assert distress, dishonor or refusal of the note obligation, which is a "floating bond", not a negotiable instrument or a 'hard money' lending contract. "Specialized Loan Servicing LLC" apparently failed to exhaust a plain remedy by "ordering" the payment due, or else they have no standing to make this order anyway.

16. The petitioner or "chap. 7 debtor" seeks to **redeem the premises** from any proven <u>secured</u> claims immediately, and has the means to do so by refinancing or selling the place once a redemption amount and terms are established. Lifting the automatic stay now is prejudicial and causes irreparable harm to the bankruptcy petitioner, while the respondent has no interest in the case.

17. To the extent of a lien securing "float value", the deed of trust or mortgage as set forth by "Specialized Loan Servicing LLC" does not secure "hard payment" of any money loaned, and there is no underlying transaction that involves lending money or even "extending credit".

18. Instead it is "lending credit", only the expansion of credit on account, justified by the appearance of a multi page loose leaf non-negotiable installment contract stamped under U.C.C. 3-303 for "negotiable value debt", which is really itself an equal-exchange credit. It is just another way of saying "value".

19. The plain language of the "covenant" in the so-called "lending contract" is strictly that the "Borrower shall pay to the Order of the Lender". This is the <u>exclusive</u> remedy granted and the exclusive right of either party or interest in the expansive and diffuse transaction.

20. There is no such thing as a "duly indorsed non-negotiable lending contract". There is no space for "endorsement", the instrument cannot be "negotiable" after it relies on the accounts of a 3rd party servicer, and the amount due cannot be

ascertained from within the many corners of the instrument itself. If the lending instrument was "duly in**dors**ed", why is nothing stamped on the <u>dorsal</u> side?

21. How does a federally supplied "homeowners loan contract" become a negotiable demand note under UCC Article 3? It is only an easily replicated, standard form multi-page contract, it cannot function to carry an obligation by reification with the instrument itself, therefore "possession" is meaningless here. There is no such thing as specifically 'possessing' an infinitely reproduced item.

22. The mortgage "note" is a sheaf of nondescript paperwork that only serves to state the contract terms and conditions, not to actually carry an obligation by physically "holding" the instrument. Touching a stack of random papers does nothing to transfer or negotiate anything except the value to a 5th party chattel lien under U.C.C. 3-303.

23. "Specialized Loan Servicing LLC" has nothing except perhaps an unsecured interest in the fraudulent collection value on a mortgage financing arrangement now bifurcated through an expansion of "negotiable value credit" and later securitized into an irredeemable and uncollectible format. It is a tradable, fungible stock equity, hence the reference to "Cascade Funding Mortgage Trust 2017-1", <u>plainly a securities issue</u>.

24. If anything, "Cascade Funding Mortgage Trust 2017-1" reflects an investment position in the "stock equity" carefully generated by this structured transaction. Not only is any "creditor" more than adequately protected, but the difference between "unsecured" and "secured" debt has nothing to do with the adequacy of any collateral, which is here not "collateral" at all, but real estate.

25. Any interest or claim to the real property does not become more protected or better realized by of any ratio of "secured" and "unsecured". 100% is still 100%, regardless of all false comparisons. The respondent is an unproven party with no

CASE# 19-12812

standing to plead here, and any rights it may have are well secured by the lien and other guarantees itself, including reinsurance and the FDIC warranty.

26. The property is <u>essential</u> for the chap. 7 case, in order to "redeem" on a "debt for equity" swap. The Court must vacate its Order lifting the automatic stay, and require proof of claim, redemption, and settlement. In fact, the Court should impose a constructive trust and protect the chap. 7 petitioner's equity of redemption, which is a property right that may used to satisfy <u>real</u> creditors.

_____<br>CAROL ANN HOUSER

### Proof of Service

The foregoing was mailed 1st class to the law office of

Kevin G. McDonald, Esquire KML Law Group, P.C.
701 Market Street, Suite 5000 Philadelphia, PA 19106-1532

date:
12/4/19

_____<br>CAROL ANN HOUSER

CASE # 19-12812